IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-01333-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

---

ORDER TO DISMISS IN PART AND FOR ANSWER IN PART

---

    Applicant Jeremy Pinson is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Pinson, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on June 8, 2011, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. On June 27, 2011, Respondent filed a Preliminary Response and stated that he did not intend to assert the defense of timeliness or failure to exhaust administrative remedies in this action. Mr. Pinson filed a Reply on August 9, 2011, waiving any arguments to the Response.

    I must construe the Application and the Reply liberally because Mr. Pinson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the

action will be dismissed in part and Respondent will be directed to address the merits of the remaining claim.

Mr. Pinson raises three claims in this action. First, in Claim One, he asserts that his due process rights were violated in two disciplinary proceedings. He contends that in Incident Report (IR) Nos. 1826063 and 1878645 he was deprived of a fair and impartial decisionmaker, staff representation, and requested witnesses. Mr. Pinson further asserts that he was found guilty without some evidence and was sanctioned to the loss of good conduct time. Mr. Pinson also asserts that he challenged the denial of due process in both of these proceedings in a habeas action and was granted relief, *see Pinson v. Rathman*, No. 09-cv-02475-WMA-HGD (E.D Ala. Mar. 29, 2011); but, when he attempted to appeal the disciplinary results, the BOP rejected his appeal in violation of the court order.

In Claim Two, Mr. Pinson asserts that, in retaliation for filing Case No. 09-cv-02475, BOP officials placed him in disciplinary segregation and refused to process his appeals regarding the incident reports in question. In Claim Three, Mr. Pinson contends that BOP officials violated the Administrative Procedures Act (APA) by failing to comply with the regulations set forth under 28 C.F.R. §§ 541.13-541.17 and 542, which govern BOP disciplinary proceedings.

Respondent will be directed to address Claim One on the merits. Claims Two and Three will be dismissed for the following reasons.

Mr. Pinson is asserting civil rights claims in Claim Two rather than § 2241 claims. He asserts that prison staff retaliated against him for filing an administrative appeal of the incident reports at issue in this case. He, therefore, is not challenging the execution of his sentence but the conditions of his confinement.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).  Therefore, Claim Two will be dismissed without prejudice as improperly raised in a habeas action.

With respect to Claim Three, the Tenth Circuit has addressed the issue of whether the APA applies to substantive BOP disciplinary determinations involving the reduction of good-time credits.  *See Jordan v. Wiley*, 411 F. App'x 201, 213 (10th Cir. 2011).  The Tenth Circuit found that, although the analysis in *Fristoe v. Thompson*, 144 F.3d 627 (10th Cir. 1998), is brief, the *Fristoe* analysis "supports [a] reading of the plain terms of [18 U.S.C.] § 3625" and bars APA review of BOP substantive disciplinary determinations involving the reduction of good-time credits, *id.* at 214.

> The Tenth Circuit went on to state
>
> 18 U.S.C. § 3625 exempts 18 U.S.C. §§ 3621–26 from the APA's judicial review provisions. Section 3625 provides that "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [§§ 3621–26]." Section 3625 therefore precludes judicial review of the BOP's adjudicative decisions affecting the computation of good-time credits, which is governed by 18 U.S.C. § 3624(b).

*Id.* and

> Section 3624(b) provides in relevant part:
>
> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term,

3

> subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .  [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.

*Id.* at n. 15

In accordance with the Tenth Circuit's findings, Mr. Pinson does not have a cause of action under the APA regarding the BOP's determinations in his disciplinary proceedings.  Claim Three, therefore, will be dismissed on the merits.  Accordingly, it is

ORDERED that Claim Two is dismissed without prejudice as improperly raised in this action and Claim Three is dismissed with prejudice on the merits.  It is

FURTHER ORDERED that Respondent shall file a return certifying the true cause of the detention of Mr. Pinson and show cause in writing on or before **Monday, November 7, 2011**, why the writ should not be granted as it pertains to Claim One.  It is

FURTHER ORDERED that Mr. Pinson shall remain in custody and within the jurisdiction of this Court until further order.

Dated:  October 5, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge